## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:23-cv-80745

CHIDI O. AHANOTU,

    Plaintiff,

vs.

THE NFL PLAYER DISABILITY & SURVIVOR
BENEFIT PLAN AND NFL PLAYER DISABILITY
& NEUROCOGNITIVE BENEFIT PLAN
(FORMERLY, THE BERT BELL/PETE ROZELLE
NFL PLAYER RETIREMENT PLAN),

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, CHIDI O. AHANOTU, sues the Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN AND NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN (FORMERLY, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN) (hereinafter referred to as THE "PLAN"), and states:

1. This lawsuit is an action to recover Disability Benefits and to Seek Recompense for Defendant's Breach of Fiduciary Duty, and other equitable relief under 29 U.S.C. Section 1132 *et. seq*.

2. Plaintiff CHIDI O. AHANOTU is a Florida resident, and is *sui juris*.

3. THE PLAN was and does business in Palm Beach County, Florida, and is *sui juris*.

4. THE PLAN is a multi-employer ERISA plan created for the National Football League players that were suffering from disabilities caused by playing professional football. This sport is violent, with hits causing traumatic and degenerative injuries in many of its players.

5. At all material times, CHIDI O. AHANOTU is a former NFL player and beneficiary of THE PLAN.

6. Plaintiff, CHIDI O. AHANOTU last played in 2004 and earned 12 credited seasons.

7. Plaintiff, CHIDI O. AHANOTU was a participant and beneficiary defined by 29 U.S.C. 1002 of his employer's employee welfare benefit plan that included disability insurance benefits.

8. There are varying classes of disability under the Plan, each with different benefits.

9. T & P Active Football is the class in which the highest benefits are paid.

10. LOD benefits are significantly lower benefits than T & P benefits.

11. Line of Duty (LOD) is awarded for a "substantial disablement" arising out of Leauge football activities.

12. At the time of the application, T & P had several sub-classes, including:

  a. <u>Active Football</u> (disability arises from League Football Activities and causes the Player to be totally and permanently disabled shortly after the disability arises)

  b. <u>Active Non-football</u>, (Disability is not from League football Activities and causes the Player to be totally and permanently disabled shortly after the disability arises)

c. <u>Football Degenerative</u> (disability arises from League football Activities and causes the Player to be totally and permanently disabled before the age of 45 or 12 years after the Player's last credited season)

d. <u>Inactive</u> (disability does not arise from League football Activities and causes the Player to be totally and permanently disabled before the age of 45 or 12 years after the Player's last credited season).

e. Dependant Child.  [Not at issue here].

13. At the time of the 2006 Application at issue in this case, the Plan was controlled by BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, AMENDED AND RESTATED AS OF April 1, 2001. *See* **Exhibit "B"** attached.

14. The Total and Permanent is defined in the BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, AMENDED AND RESTATED AS OF April 1, 2001, Article 5.2 as:

> **Determination of Disability.**  An Active Player or a Vested Inactive Player, other than a Player who has reached his Normal Retirement Date or begun receiving his monthly pension under Article 4, will be deemed to be totally and permanently disabled if the Retirement Board or the Disability Initial Claims Committee finds that he has become totally disabled to the extent that he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit, but expressly excluding any disability suffered while in the military service of any country.  A Player will not be considered to be able to engage in any occupation or employment for remuneration or profit within the meaning of this Section 5.2 merely because such person is employed by the League or an Employer, manages personal or family investments, is employed by or associated with a charitable organization, or is employed out of benevolence.

15. On 2/4/2006, Plaintiff, CHIDI O. AHANOTU Applied for Disability Benefits under the Plan (received by Defendant on 2/21/2006). *See* **Exhibit "A"** attached.

16. In his 2/4/2006 Application for Benefits, Plaintiff CHIDI O. AHANOTU indicated that he was applying for two types of benefits, Line of Duty (LOD) and Total and Permanent (T & P).

17. Without CHIDI O. AHANOTU's consent, his selection in the application of both LOD and T & P benefits was crossed out, and an unknown person at Defendant's office selected only LOD benefits. Below is a screenshot from taken from Exhibit A, the application:

```
This is an application for (please check one):
  → [X] Only line-of-duty disability ("LOD") benefits (complete LOD section below)
    ( ) Only total and permanent disability ("T&P") benefits (complete T&P section below)
    [X] Both LOD and T&P benefits (complete both LOD and T&P sections below)
```

18. Defendant awarded Plaintiff, CHIDI O. AHANOTU, the LOD disability benefits.

19. Defendant failed to disclose to the Plaintiff that he would be eligible for T & P benefits at the time of his initial application.

20. Plaintiff CHIDI O. AHANOTU qualified much earlier for T & P benefits. At the time of his 2006 Application, Plaintiff met the requirements for T & P benefits because he was substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit.

21. In 2006, CHIDI O. AHANOTU was substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit due to:

   a. Torn labrums in both shoulders that required surgery;

      b. Osteoarthritis;

      c. Neck pain;

      d. Back pain;

      e. Anxiety;

      f. Post-concussion syndrome; and,

      g. Headaches.

22. CHIDI O. AHANOTU did start T & P benefits on 4/1/2016. If T & P had started in 2006, the earlier classification would have changed the compensation package significantly.

23. This fraudulent concealment affects disability payments to this day because the date when T & P benefits begin affects the monthly amount of benefits now and in the future.

24. Defendant concealed the fact that the form had been changed and only the LOD benefits were considered in 2006. At that time, Defendant awarded the LOD benefits to Plaintiff.

25. The award of LOD benefits concealed the fact that T & P benefits were never considered. The award of LOD led to Plaintiff's assumption that T & P was denied.

26. CHIDI O. AHANOTU relied on the concealed fact that T & P was never considered, and that omission led to him not appealing or filing a lawsuit for the T & P benefits.

27. As a result of the fraudulent concealment above, Plaintiff did not receive the T & P benefits.

28. Plaintiff CHIDI O. AHANOTU was awarded T & P on 7/28/2016 with an effective date of 4/1/2016.

29. It was not until 6/6/2021 that Plaintiff, CHIDI O. AHANOTU, knew that his selection of both LOD and T & P benefits was crossed out, and Defendant never considered the T & P benefits in 2006.

30. Defendant actively and fraudulently concealed the changed form.

31. Defendant, THE PLAN, owes a fiduciary duty to Plaintiff to act in Plaintiff's best interest and Plan for the sole purpose of providing benefits to Plaintiff.

32. Defendant never inquired Plaintiff CHIDI O. AHANOTU to verify, sign or initial the change in benefits sought in 2006.

33. Had Defendant brought the changed form to Plaintiff, CHIDI O. AHANOTU's attention, he would have verified the selection of both T & P and LOD benefits.

34. Instead, Defendant unilaterally chose the class with the lowest payout possible and awarded Plaintiff the LOD benefits.

35. THE PLAN owed a fiduciary duty to CHIDI O. AHANOTU to:

   a. Clarify the benefits being sought;

   b. Provide information regarding the T & P benefits;

   c. Fairly consider the Application for T & P benefits;

   d. Inform Plaintiff of the changed 2006 Application;

   e. Inform Plaintiff that the Plan never considered the T & P benefits; and,

   f. Not conceal the Changed 2006 Application until 6/8/2021.

36. Numerous other lawsuits demonstrate Defendant's lack of good faith and breaches of fiduciary duty in administering the Plan. There is a pattern of conduct here and Courts across the county have expressed concerns about the Defendants' breaches of fiduciary duty in:

   a. *Brumm v. Bert Bell NFL Ret. Plan*, 995 F.2d 1433, 1434-39 (8th Cir. 1993);

   b. *Jani v. Bell*, 209 F. App'x 305, 317-20 (4th Cir. 2006);

   c. *Moore v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* 282 F. App'x 599 (9th Cir. 2008);

   d. *Meiburger v. Bert Bell/Pete Rozelle NFL Player Ret. Plan (In re Marshall),* 261 F. App'x 522 (4th Cir. 2008);

   e. *Carter v. Bert Bell / Pete Rozelle NFL Ret. Plan,* No. CV-11-BE-3821-KOB, 2012 U.S. Dist. LEXIS 170858 (N.D. Ala. Dec. 3, 2012);

   f. *Stewart v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* No. : WDQ-09-2612, 2011 U.S. Dist. LEXIS 78973 (D. Md. July 19, 2011);

   g. *Giles v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* Civil Action No. ELH-12-634, 2013 U.S. Dist. LEXIS 182046 (D. Md. Dec. 31, 2013);

   h. *Solomon v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 860 F.3d 259, 266 (4th Cir. 2017);

   i. *Ashmore v. NFL Player Disab. & Neurocognitive Ben. Plan*, No. 16-81710-CIV-MARRA, 2018 U.S. Dist. LEXIS 122057 (S.D. Fla. June 15, 2018);

   j. *Dimry v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* No. 19-cv-05360-JSC, 2022 U.S. Dist. LEXIS 98025 (N.D. Cal. June 1, 2022);

   k. *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-CV-1277-S, 2022 U.S. Dist. LEXIS 109943 (N.D. Tex. June 21, 2022).

37. Suits are ongoing, including the class action suit of *Alford et al v. The NFL Player Disability & Survivor Benefit Plan et al* in the district court of Maryland Case No.: 1:2023cv00358. *Cloud v. NFL Player Retirement Plan* before the 5th Circuit Court of Appeals, Case No.: 0:2022pcf10710.

38. Plaintiff alleges that Defendant, THE PLAN's bad faith administration of Plaintiff's claims demands that this Honorable Court give Defendant's denial of Plaintiff's claims a *de novo* review.

39. Further, the Defendant intentionally or negligently misinterpreted the Plan's terms, and the Court should give Defendant's interpretations a *de novo* review.

40. Plaintiff is also entitled to a *de novo* review of these claims to the extent allowed by law due to Defendant, THE PLAN's failure to act in good faith in their review, investigation, and determination of Plaintiff's claim as well as their bad faith exhibited in their violation of federal regulations.

41. Plaintiff is also entitled to a *de novo* review of the Defendant, THE PLAN's factual conclusions made in their wrongful determination to terminate Plaintiff's claim to disability insurance benefits and, upon *de novo* review, a finding that Defendant abused its discretion in denying Plaintiff's claims.

42. Defendant, THE PLAN, acts as both claims administrator and claims fiduciary to Plaintiff and the Plan. As such, Defendant suffers an inherent conflict as both insurer and fiduciary, and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

43. Defendant, THE PLAN selects the same physician reviewers over and over again to the point that there is nothing independent about these medical reviews. As such, Defendant suffers an inherent conflict, and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

44. In addition, Plaintiff has reason to believe that Defendant, THE PLAN rewards its administrators and fiduciaries with monetary rewards for the denial of claims, among several other known tactics directed at the illegal and self-serving denial of proper claims for Plan benefits.

45. These practices of Defendant, THE PLAN, which were utilized in the denial of Plaintiff's claims, indicate a level of conflict of interest that is in direct violation of the terms of ERISA and the trust laws concerning the duties of a fiduciary.

46. As a result of Defendant, THE PLAN's, high degree of conflict inherent in the handling and determination of Plaintiff's claim, the Court should apply a far less deferential standard in the *de novo* review of Defendant's factual findings and determinations.

47. Plaintiff has complied with all prior requirements and conditions precedent necessary for filing this lawsuit.

48. Alternatively, it would have been futile to appeal this.

49. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the *Secretary of Labor, Pension and Welfare Benefits Administration* at 200 Constitution Avenue N.W., Washington, D.C. 20210 and *the Secretary of the Treasury* at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail/return receipt requested.

**COUNT I– CLAIM FOR TOTAL & PERMANENT DISABILITY BENEFITS AGAINST THE PLAN UNDER 29 U.S.C.S. § 1132(a)(1)(B)**

50. Plaintiff realleges and reavers paragraphs 1 through 49 and adds the following:

51. Under the terms of the Plan, CHIDI O. AHANOTU was entitled to receive, as a participant and beneficiary of the Plan, T & P disability benefits under the "Active Football" category.

52. THE PLAN improperly denied Plaintiff's T & P benefits by:

   a. Irrationally and improperly applying terms of the Plan to Plaintiff;
   b. Changing the 2006 Application from seeking both LOD and T & P disability benefits to only LOD benefits;
   c. Acting arbitrarily and capriciously by not clarifying the discrepancy in the 2006 Application that the Plaintiff was seeking both LOD and T & P benefits;
   d. Not properly advising Plaintiff of the benefits available to him;
   e. Failing to provide complete and accurate information material related to the T & P disability and to explain the T & P benefits fully;
   f. Fraudulently concealing the change to the 2006 application and concealing the fact that they never considered T & P benefits;
   g. Using biased physicians again and again who consistently find no disability as defined under the Plan, and,
   h. Other wrongful acts to be found.

53. As a direct and proximate result of the Plan's breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and has sustained substantial monetary damage in the past and in the future.

54. According to the terms of the Plan, Defendant has abused its discretion, acted arbitrarily and capriciously, and breached its fiduciary duty owed to Plaintiff in the denial of Plaintiff's T & P disability benefits.

55. Plaintiff is entitled to the full amount of T & P disability benefits under the "Active Football" category provided under the Plan calculated from the 2006 application.

56. The Plan has failed to produce substantial evidence supporting its denial of Plaintiff's claim.

57. As a result of Defendant, THE PLAN's abuse of discretion, acts of bad faith, and violations of administrative regulations, Plaintiff is entitled to immediate payment of all past T & P insurance benefits, as well as interest at the highest rate allowed by law and attorneys fees under 29 U.S.C. 1132(g)(1).

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN AND NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN (FORMERLY, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN), for

a. Past T & P disability benefits under the "Active Football" category benefits from 2006;

b. Recalculation and payment of benefits to account for an earlier T & P disability benefits under the "Active Football" category classification;

c. Pre-judgment interest;

d. Post-judgment interest;

e. An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and,

f. Further demands trial by jury of all issues so triable.

**COUNT II – BREACH OF FIDUCIARY DUTY UNDER (29 U.S.C.S. § 1132(a)(3)) AGAINST THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN AND NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN (FORMERLY, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN)**

58. Plaintiff realleges and reavers paragraphs 1 through 49 and adds the following:

59. THE PLAN had a fiduciary duty to:

   a. Investigate if someone in their office changed Plaintiff CHIDI O. AHANOTU's 2006 application without Chidi O. Ahanotu's permission;

   b. Contact CHIDI O. AHANOTU to initial any changes to the 2006 Application or resubmit the 2006 Application because of the discrepancy;

   c. Clarify 2006 any Application submitted to them by the Plaintiff to determine what benefits were being sought;

   d. Provide Plaintiff CHIDI O. AHANOTU with complete and accurate information material to T & P disability benefits; and,

   e. Examine Plaintiff's Application and Submissions to advise him on any other benefits that he may qualify for receiving.

60. THE PLAN breached its fiduciary duty to Plaintiff CHIDI O. AHANOTU because they never:

   a. Investigated the discrepancy to the Plaintiff's 2006 Application;

   b. Contacted the Plaintiff to clarify the discrepancy because he would have explained that he was seeking both LOD and T & P benefits;

   c. Addressed T & P disability benefits to the Plaintiff at the time LOD was awarded;

   d. Disclsoed the selection of LOD benefits in the 2006 application and instead fraudulently concealed the change to the 2006 application and concealing the fact that they never considered T & P benefits;

   e. Provided complete and accurate information related to T & P disability benefits which is a material omission caused by their silence; and,

   f. Other wrongful acts to be found.

61. As a direct and proximate result of THE PLAN's breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and damaged monetarily.

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN AND NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN (FORMERLY, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN) for:

a. Past T & P disability benefits under the "Active Football" category from 2006;

b. Recalculation and payment of benefits to account for an earlier T & P classification;

c. Pre-judgment interest;

d. Post-judgment interest;

e. An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

f. Injunctive relief prohibiting Defendants from terminating or reducing Plaintiffs' and Class members' benefits until the end of the maximum benefit period, or such other declaration the Court deems proper, and

g. Further demands trial by jury of all issues so triable.

Dated May 5, 2023.

**Dyson Law, PLLC**
Attorneys for Plaintiff
15300 Jog Road, Suite 103
Delray Beach, FL 33446
(561) 498-9979; Fax (561) 498-9987

By: s/ *Peter A. Dyson, Esq.*
   Peter A. Dyson, Esq.
   Fla. Bar No: 40953
   eservice@dysonlaw.com