**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-80745-CV-MIDDLEBROOKS/MATTHEWMAN**

CHIDI O. AHANOTU,

     Plaintiff,

vs.

THE NFL PLAYER DISABILITY & SURVIVOR
BENEFIT PLAN F/K/A NFL PLAYER
DISABILITY & NEUROCOGNITIVE BENEFIT
PLAN and THE BERT BELL/PETE ROZELLE
NFL PLAYER RETIREMENT PLAN,

     Defendants.

_____/

## FIRST AMENDED COMPLAINT

    Plaintiff, CHIDI O. AHANOTU, sues the Defendants, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN and THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN and states:

    1.    This lawsuit is an action to recover Disability Benefits and to seek recompense for Defendants' Breach of Fiduciary Duty and other equitable relief under 29 U.S.C. Section 1132 et. seq.

    2.    Plaintiff CHIDI O. AHANOTU is a Florida resident, and is sui juris.

3.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN F/K/A NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN  was and does business in Palm Beach County, Florida, and is sui juris.

4.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN was and does business in Palm Beach County, Florida, and is sui juris.

5.     The NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN F/K/A NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN  is a multiemployer ERISA plan created for the National Football League players that were suffering from disabilities caused by playing professional football.  This sport is violent, with hits causing traumatic and degenerative injuries in many of its players.

6.     The BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN is a multiemployer ERISA plan that in part, was created for the National Football League players that were suffering from disabilities caused by playing professional football.  This sport is violent, with hits causing traumatic and degenerative injuries in many of its players.

7.     At all material times, Chidi O. Ahanotu is a former NFL player and beneficiary of The Plan.

8.     Plaintiff, Chidi O. Ahanotu last played in the 2004 season, with his last game on 1/2/2005, and earned 12 credited seasons.

9.     Plaintiff, Chidi O. Ahanotu was a participant and beneficiary defined by 29 U.S.C. 1002 of his employer's employee welfare benefit plan that included disability insurance benefits.

10.    There are varying classes of disability under the Plan, each with different benefits.

11.    T & P Active Football is the class in which the highest benefits are paid.

12.    LOD benefits are significantly lower benefits than T & P benefits.

13.    Line of Duty (LOD) is awarded for a "substantial disablement" arising out of Leauge football activities.

14.    At the time of the application, T & P had several subclasses, including:

    a.  <u>Active Football</u> (disability arises from League Football Activities and causes the Player to be totally and permanently disabled shortly after the disability arises)

    b.  <u>Active Non-football</u>, (Disability is not from League football Activities and causes the Player to be totally and permanently disabled shortly after the disability arises)

    c.  <u>Football Degenerative</u> (disability arises from League football Activities and causes the Player to be totally and permanently disabled before the age of 45 or 12 years after the Player's last credited season)

    d.  <u>Inactive</u> (disability does not arise from League football Activities and causes the Player to be totally and permanently disabled before the age of 45 or 12 years after the Player's last credited season).

    e.  Dependant Child.  [Not at issue here].

15.    At the time of the 2006 Application at issue in this case, the Plan was controlled by BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, AMENDED AND RESTATED AS OF April 1, 2001.  Exhibit B.

16.    Upon information and belief, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN has paid some or all of the T & P benefits from 2006 until today.

17.     Upon information and belief, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN currently pays some or all of the T & P benefits.

18.     At the time of the 2006 Application at issue in this case, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN made decisions on eligibility and benefits.

19.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN currently make decisions on eligibility for disability benefits.

20.     Upon information and belief, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN  is the successor of THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN for deciding and paying disability benefits.

21.     The Total and Permanent is defined in the BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, AMENDED AND RESTATED AS OF April 1, 2001, Article 5.2 as:

>**Determination of Disability.**  An Active Player or a Vested Inactive Player, other than a Player who has reached his Normal Retirement Date or begun receiving his monthly pension under Article 4, will be deemed to be totally and permanently disabled if the Retirement Board or the Disability Initial Claims Committee finds that he has become totally disabled to the extent that he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit, but expressly excluding any disability suffered while in the military service of any country.  A Player will not be considered to be able to engage in any occupation or employment for remuneration or

> profit within the meaning of this Section 5.2 merely because such person is employed by the League or an Employer, manages personal or family investments, is employed by or associated with a charitable organization, or is employed out of benevolence.

On 2/4/2006, Plaintiff Chidi O. Ahanotu applied for Disability Benefits under the Plan.  (received by THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN on 2/21/2006).  (Exhibit A).

22.    Plaintiff Chidi O. Ahanotu's medical conditions that ultimately made him totally and permanently disabled resulted from League football activities and arose while Plaintiff was an active player.

23.    Plaintiff Chidi O. Ahanotu's medical conditions that totally and permanently disabled him arose before the application (Exhibit A) was completed.

24.    Plaintiff Chidi O. Ahanotu was totally and permanently disabled "shortly after" active football" as defined by the Plan.

25.    In his 2/4/2006 Application for Benefits, Plaintiff Chidi O. Ahanotu indicated that he was applying for two types of benefits, Line of Duty (LOD) and Total and Permanent (T & P).

26.    Without Chidi O. Ahanotu's consent, his selection in the application of both LOD and T & P benefits was crossed out, and an unknown person at THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN's office selected only LOD benefits.  Here is a screenshot from Exhibit A.



This is an application for (please check one):

⟶  [X]  Only line-of-duty disability ("LOD") benefits (complete LOD section below)
      ( )  Only total and permanent disability ("T&P") benefits (complete T&P section below)
      [X]  Both LOD and T&P benefits (complete both LOD and T&P sections below)

27.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN  awarded Plaintiff Chidi O. Ahanotu, the LOD disability benefits.

28.     It was a material omission that THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN did not consider or address T & P benefits in the LOD award.

29.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN failed to disclose to the Plaintiff that he would be eligible for T & P at the time of his initial application. This was a material omission.

30.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN failed to disclose to the Plaintiff that he would be eligible for T & P if he pursued Social Security Disability benefits. This was a material omission.

31.     Plaintiff Chidi O. Ahanotu qualified much earlier for T & P benefits.  At the time of his 2006 Application, Plaintiff met the requirements for T & P benefits in 2006 because he was substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit.

32.     In 2006, Chidi O. Ahanotu qualified for T & P benefits because he was substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit due to:

        a.  Torn labrums in both shoulders that required surgery;

        b.  Osteoarthritis;

    c.  Neck pain;

    d.  Back pain;

    e.  Anxiety;

    f.  Post-concussion syndrome; and,

    g.  Headaches.

33.  Chidi O. Ahanotu did start T & P benefits on 4/1/2016.  The earlier classification would have changed the compensation package significantly.

34.  This fraudulent concealment affects disability payments to this day because when benefits are awarded ties into the amount of benefits that the Plaintiff currently receives.

35.  The fraudulent concealment financially benefited THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN because it significantly lowered the benefits paid to Plaintiff, Chidi O. Ahanotu.

36.  THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN  concealed the fact that the form had been changed and only the line of duty benefits were considered in 2006.  At that time, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN awarded LOD benefits to Plaintiff.

37.  The award of LOD benefits concealed the fact that T & P benefits were never considered.  The award of LOD led to Plaintiff's assumption that T & P was denied.

38.  Chidi O. Ahanotu relied on the concealed fact that T & P was never considered, and that omission led to him not appealing or filing a lawsuit for the T & P benefits.

39.     As a result of the fraudulent concealment above, Plaintiff did not receive the T & P benefits.

40.     Plaintiff Chidi O. Ahanotu was awarded T & P on 7/28/2016 with an effective date of 4/1/2016.

41.     It was not until 6/8/ 2021, that Plaintiff Chidi O. Ahanotu's knew that his selection of both LOD and T & P benefits was crossed out, and THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN  never considered T & P benefits in 2006.

42.     Defendants actively and fraudulently concealed the changed form.

43.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN owes a fiduciary duty to Plaintiff to act in Plaintiff's best interest and Plan for the sole purpose of providing benefits to Plaintiff.

44.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN never inquired Plaintiff Chidi O. Ahanotu to verify, sign or initial the change in benefits sought in 2006.

45.     Had THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN brought the changed form to Plaintiff, Chidi O. Ahanotu's attention, he would have verified the selection of both T & P and LOD benefits.

46.     Instead, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN unilaterally chose the class with the lowest payout possible and awarded Plaintiff Chidi O. Ahanotu's LOD benefits.

47.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN owed a fiduciary duty to Chidi O. Ahanotu to:

    a.  Clarify the benefits being sought in the 2006 Application;

    b.  Provide information regarding the T & P benefits;

    c.  Fairly consider the 2006 Application for T & P benefits;

    d.  Inform Plaintiff of the changed 2006 Application;

    e.  Inform Plaintiff that the Plan never considered the T & P benefits; and,

    f.  Not conceal the Changed 2006 Application until 6/8/2021.

48.  THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN owed a fiduciary duty to Chidi O. Ahanotu to:

    a.  Investigate the earlier determination of LOD benefits only;

    b.  Clarify the benefits being sought in the 2006 Application;

    c.  Provide information regarding the T & P benefits;

    d.  Fairly reconsider the Application for T & P benefits;

    e.  Inform Plaintiff of the changed 2006 Application;

    f.  Inform Plaintiff that the Plan never considered the T & P benefits; and,

    g.  Not conceal the Changed 2006 Application until 6/8/2021.

49.  Numerous other lawsuits demonstrate Defendants' lack of good faith and breaches of fiduciary duty in administering the Plan.  There is a pattern of conduct and Courts across the county have expressed concerns about the Defendants' breaches of fiduciary duty in:

    a.  *Brumm v. Bert Bell NFL Ret. Plan*, 995 F.2d 1433, 1434-39 (8th Cir. 1993);

    b.  *Jani v. Bell*, 209 F. App'x 305, 317-20 (4th Cir. 2006);

c.  *Moore v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* 282 F. App'x 599 (9th Cir. 2008)*;*

d.  *Meiburger v. Bert Bell/Pete Rozelle NFL Player Ret. Plan (In re Marshall),* 261 F. App'x 522 (4th Cir. 2008)*;*

e.  *Carter v. Bert Bell / Pete Rozelle NFL Ret. Plan,* No. CV-11-BE-3821-KOB, 2012 U.S. Dist. LEXIS 170858 (N.D. Ala. Dec. 3, 2012)*;*

f.  *Stewart v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* No. : WDQ-09-2612, 2011 U.S. Dist. LEXIS 78973 (D. Md. July 19, 2011)*;*

g.  *Giles v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* Civil Action No.  ELH-12-634, 2013 U.S. Dist. LEXIS 182046 (D. Md. Dec. 31, 2013)*;*

h.  *Solomon v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 860 F.3d 259, 266 (4th Cir. 2017);

i.  *Ashmore v. NFL Player Disab. & Neurocognitive Ben. Plan*, No. 16-81710-CIV-MARRA, 2018 U.S. Dist. LEXIS 122057 (S.D. Fla. June 15, 2018)*;*

j.  *Dimry v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* No. 19-cv-05360-JSC, 2022 U.S. Dist. LEXIS 98025 (N.D. Cal. June 1, 2022)*;*

k.  *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-CV-1277-S, 2022 U.S. Dist. LEXIS 109943 (N.D. Tex. June 21, 2022).

50.  Suits are ongoing, including the class action suit of *Alford et al v. The NFL Player Disability & Survivor Benefit Plan et al* in the district court of Maryland Case No.: 1:2023cv00358.  Cloud v. NFL Player Retirement Plan before the 5th Circuit Court of Appeals, Case No.: 0:2022pcf10710.

51.  Plaintiff alleges that THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN's bad faith administration of Plaintiff's claims demands that this Honorable Court give Defendant's denial of Plaintiff's claims a de novo review.

52.     Further, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN intentionally or negligently misinterpreted the Plan's terms, and the Court should give Defendant's interpretations a de novo review.

53.     Plaintiff is also entitled to a de novo review of these claims to the extent allowed by law due to THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN's failure to act in good faith in their review, investigation, and determination of Plaintiff's claim as well as their bad faith exhibited in their violation of federal regulations.

54.     Plaintiff is also entitled to a de novo review of THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN's factual conclusions made in their wrongful determination to only award LOD benefits and, upon de novo review, a finding that Defendant abused its discretion in denying Plaintiff's claims.

55.     Defendant, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN acts as both claims administrator and claims fiduciary to Plaintiff and the Plan.  As such, Defendant suffers an inherent conflict as both insurer and fiduciary, and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

56.     Defendant, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN selects the same physician reviewers over and over again to the point that there is nothing independent about these medical reviews.  As such, Defendant suffers an inherent conflict, and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

57.     In addition, Plaintiff has reason to believe that Defendant, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN rewards its administrators and fiduciaries with monetary rewards for the denial of claims, among several other known tactics directed at the illegal and self-serving denial of proper claims for Plan benefits.

58.     These practices of Defendants which were utilized in the denial of Plaintiff's claims, indicate a level of conflict of interest that is in direct violation of the terms of ERISA and the trust laws concerning the duties of a fiduciary.

59.     As a result of THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN high degree of conflict inherent in the handling and determination of Plaintiff's claim, the Court should apply a far less deferential standard in the de novo review of Defendant's factual findings and determinations.

60.     Plaintiff alleges that THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN's bad faith administration of Plaintiff's claims demands that this Honorable Court give Defendant's denial of Plaintiff's claims a de novo review.

61.     Further, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN intentionally or negligently misinterpreted the Plan's terms, and the Court should give Defendant's interpretations a de novo review.

62.     Plaintiff is also entitled to a de novo review of these claims to the extent allowed by law due to THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN's failure to act in good

faith in their review, investigation, and determination of Plaintiff's claim as well as their

bad faith exhibited in their violation of federal regulations.

63.     Plaintiff is also entitled to a de novo review of THE NFL PLAYER

DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY &

NEUROCOGNITIVE BENEFIT PLAN's factual conclusions made in their wrongful

determination to only award LOD benefits and, upon de novo review, a finding that

Defendant abused its discretion in denying Plaintiff's claims.

64.     Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN

f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN acts as both claims

administrator and claims fiduciary to Plaintiff and the Plan.  As such, Defendant suffers

an inherent conflict as both insurer and fiduciary, and its factual findings and

conclusions in denying Plaintiff's rightful claims are to be considered with less deference

upon review.

65.     Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a

NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN  selects the same physician

reviewers over and over again to the point that there is nothing independent about these

medical reviews.  As such, Defendant suffers an inherent conflict, and its factual findings

and  conclusions  in  denying  Plaintiff's  rightful  claims  are  to  be  considered  with  less

deference upon review.

66.     In addition, Plaintiff has reason to believe that Defendant, THE NFL

PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY &

NEUROCOGNITIVE BENEFIT PLAN rewards its administrators and fiduciaries with

monetary rewards for the denial of claims, among several other known tactics directed at the illegal and self-serving denial of proper claims for Plan benefits.

67.    These practices of Defendants which were utilized in the denial of Plaintiff's claims, indicate a level of conflict of interest that is in direct violation of the terms of ERISA and the trust laws concerning the duties of a fiduciary.

68.    As a result of THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN high degree of conflict inherent in the handling and determination of Plaintiff's claim, the Court should apply a far less deferential standard in the de novo review of Defendant's factual findings and determinations.

69.    When Plaintiff attempted to correct this situation and be reclassified, Defendant THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN failed to investigate, correct, or otherwise properly address the forgery.

70.    Plaintiff has complied with all prior requirements and conditions precedent necessary for filing this lawsuit.

71.    Alternatively, it would have been futile to appeal this.

72.    Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the *Secretary of Labor, Pension and Welfare Benefits Administration* at 200 Constitution Avenue N.W., Washington, D.C. 20210 and *the Secretary of the Treasury* at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail/return receipt requested.

### COUNT I– CLAIM FOR TOTAL & PERMANENT DISABILITY BENEFITS AGAINST THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN UNDER 29 U.S.C.S. § 1132(a)(1)(B)

73.     Plaintiff realleges and reavers paragraphs 1 through 72 and adds the following:

74.     Under the terms of the Plan, Chidi O. Ahanotu was entitled to receive, as a participant and beneficiary of the Plan, T & P disability benefits under the "Active Football" category.

75.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN improperly denied Plaintiff's T & P benefits by:

    a.  Irrationally and improperly applying terms of the Plan to Plaintiff;

    b.  Changing the 2006 Application from seeking both LOD and T & P disability benefits to only LOD benefits;

    c.  Acting arbitrarily and capriciously by not clarifying the discrepancy in the 2006 Application that the Plaintiff was seeking both LOD and T & P benefits;

    d.  Not properly advising Plaintiff of the benefits available to him;

    e.  Failing to provide complete and accurate information material related to the T & P disability and to explain the T & P benefits fully;

    f.  Fraudulently concealing the change to the 2006 application and concealing the fact that they never considered T & P benefits;

    g.  Using biased physicians again and again who consistently find no disability as defined under the Plan, and,

    h.  Other wrongful acts to be found

76.     As a direct and proximate result of the Plan's breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and has sustained substantial monetary damage in the past and in the future.

77.     According to the terms of the Plan, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN  has abused its discretion, acted arbitrarily and capriciously, and breached its fiduciary duty owed to Plaintiff in the denial of Plaintiff's T & P disability benefits.

78.     Plaintiff is entitled to the full amount of T & P disability benefits under the "Active Football" category provided under the Plan calculated from the 2006 application and in the future.

79.     THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN has failed to produce substantial evidence supporting its denial of Plaintiff's claim.

80.     As a result of THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN's abuse of discretion, acts of bad faith, and violations of administrative regulations, Plaintiff is entitled to immediate payment of all past T & P insurance benefits, as well as interest at the highest rate allowed by law and attorneys fees under 29 U.S.C. 1132(g)(1).

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, for

a. Past T & P disability benefits under the "Active Football" category benefits from 2006;

b. Recalculation and payment of benefits to account for an earlier T & P disability benefits under the "Active Football" category classification;

c. Future T & P disability benefits as if he was classified under the "Active Football" category since 2006;

d. Injunctive relief prohibiting Defendants from terminating or reducing Plaintiff's benefits until the end of the maximum benefit period, or such other declaration the Court deems proper;

e. Pre-judgment interest;

f.   Post-judgment interest; and,

g.   An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## COUNT II – BREACH OF FIDUCIARY DUTY UNDER (29 U.S.C.S. § 1132(a)(3)) AGAINST THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN

81.   Plaintiff realleges and reavers paragraphs 1 through 72 and adds the following:

82.   THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN had a fiduciary duty to:

a.   Investigate if someone in their office changed Plaintiff Chidi O. Ahanotu's 2006 application without Chidi O. Ahanotu's permission;

b.   Contact Chidi O. Ahanotu to initial any changes to the 2006 Application or resubmit the 2006 Application because of the discrepancy;

c.   Clarify 2006 any Application submitted to them by the Plaintiff to determine what benefits were being sought;

d.   Provide Plaintiff Chidi O. Ahanotu with complete and accurate information material to SSDI and how it would affect disability benefits;

e.   Provide Plaintiff Chidi O. Ahanotu with complete and accurate information material to T & P disability benefits; and,

f.   Examine Plaintiff's Application and Submissions to advise him on any other benefits that he may qualify for receiving.

83.   THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN breached its fiduciary duty to Plaintiff Chidi O. Ahanotu because they never:

a.   Investigated the discrepancy to the Plaintiff's 2006 Application;

b.   Contacted the Plaintiff to clarify the discrepancy because he would have explained that he was seeking both LOD and T & P benefits;

c.   Addressed T & P disability benefits to the Plaintiff at the time LOD was awarded;

    d. Disclosed the selection of LOD benefits in the 2006 application and instead fraudulently concealed the change to the 2006 application and concealing the fact that they never considered T & P benefits;

    e. Provided complete and accurate information related to T & P disability benefits which is a material omission caused by their silence; and,

    f. Other wrongful acts to be found.

84. As a direct and proximate result of THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN s breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and damaged monetarily.

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN for:

    a. Past T & P disability benefits under the "Active Football" category from 2006;

    b. Recalculation and payment of benefits to account for an earlier T & P classification;

    c. Future T & P disability benefits as if he was classified under the "Active Football" category since 2006;

    d. Pre-judgment interest;

    e. Post-judgment interest;

    f. An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and,

    g. Injunctive relief prohibiting Defendants from terminating or reducing Plaintiff's benefits until the end of the maximum benefit period, or such other declaration the Court deems proper.

**COUNT III– CLAIM FOR TOTAL & PERMANENT DISABILITY BENEFITS AGAINST THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN UNDER 29 U.S.C.S. § 1132(a)(1)(B)**

85.     Plaintiff realleges and reavers paragraphs 1 through 72 and adds the following:

86.     Under the terms of the Plan, Chidi O. Ahanotu was entitled to receive, as a participant and beneficiary of the Plan, T & P disability benefits under the "Active Football" category.

87.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN improperly denied Plaintiff's T & P benefits by:

a.  Irrationally and improperly applying terms of the Plan to Plaintiff;

b.  Review and Investigate the 2006 Application from seeking both LOD and T & P disability benefits to correct any errors;

c.  Acting arbitrarily and capriciously by not clarifying the discrepancy in the 2006 Application that the Plaintiff was seeking both LOD and T & P benefits;

d.  Fraudulently concealing the change to the 2006 application and concealing the fact that they never considered T & P benefits;

e.  Using biased physicians again and again who consistently find no disability as defined under the Plan, and,

f.  Other wrongful acts to be found

88.     As a direct and proximate result of the Plan's breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and has sustained substantial monetary damage in the past and in the future.

89.     According to the terms of the Plan, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN has abused its discretion, acted arbitrarily and capriciously, and breached its fiduciary duty owed to Plaintiff in the denial of Plaintiff's T & P disability benefits.

90.     Plaintiff is entitled to the full amount of T & P disability benefits under the "Active Football" category provided under the Plan calculated from the 2006 application and in the future.

91.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN has failed to produce substantial evidence supporting its denial of Plaintiff's claim.

92.     As a result of THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLANs abuse of discretion, acts of bad faith, and violations of administrative regulations, Plaintiff is entitled to immediate payment of all past T & P insurance benefits, as well as interest at the highest rate allowed by law and attorneys fees under 29 U.S.C. 1132(g)(1).

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN, for

    a.  Past T & P disability benefits under the "Active Football" category benefits from 2006;

    b.  Recalculation and payment of benefits to account for an earlier T & P disability benefits under the "Active Football" category classification;

    c.  Future T & P disability benefits as if he was classified under the "Active Football" category since 2006;

    d.  Injunctive relief prohibiting Defendants from terminating or reducing Plaintiff's benefits until the end of the maximum benefit period, or such other declaration the Court deems proper;

    e.  Pre-judgment interest;

    f.  Post-judgment interest; and,

g. An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**COUNT IV – BREACH OF FIDUCIARY DUTY UNDER (29 U.S.C.S. § 1132(a)(3)) AGAINST THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN**

93.     Plaintiff realleges and reavers paragraphs 1 through 72 and adds the following:

94.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN had a fiduciary duty to:

a. Investigate if someone changed Plaintiff Chidi O. Ahanotu's 2006 application without Chidi O. Ahanotu's permission;

b. Correct Chidi O. Ahanotu's benefits because of the discrepancy;

c. Determine if Chidi O. Ahanotu's met the definition of Active Football T & P benefits because of the discrepancy;

d. Provide Plaintiff Chidi O. Ahanotu with complete and accurate information material to T & P disability benefits; and,

e. Examine Plaintiff's Application and Submissions to advise him on any other benefits that he may qualify for receiving.

95.     THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN breached its fiduciary duty to Plaintiff Chidi O. Ahanotu because they never:

a. Investigated the discrepancy to the Plaintiff's 2006 Application;

b. Contacted the Plaintiff to clarify the discrepancy because he would have explained that he was seeking both LOD and T & P benefits;

c. Addressed T & P disability benefits to the Plaintiff at the time LOD was awarded;

d. Determined if Plaintiff met the definition for T & P disability benefits at the time LOD was awarded;

e. Disclosed the selection of LOD benefits in the 2006 application;

f. Provided complete and accurate information related to T & P disability benefits which is a material omission caused by their silence; and,

g. Other wrongful acts to be found.

96.    As a direct and proximate result of THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN's breach of duty, Plaintiff has been denied the T & P disability benefits under the "Active Football" category and damaged monetarily.

**WHEREFORE**, Plaintiff demands judgment against Defendant, THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN f/k/a NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN for:

a. Past T & P disability benefits under the "Active Football" category from 2006;

b. Recalculation and payment of benefits to account for an earlier T & P classification;

c. Future T & P disability benefits as if he was classified under the "Active Football" category since 2006;

d. Pre-judgment interest;

e. Post-judgment interest;

f. An award of reasonable and necessary attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and,

g. Injunctive relief prohibiting Defendants from terminating or reducing Plaintiff's benefits until the end of the maximum benefit period, or such other declaration the Court deems proper.

Dated June 23, 2023.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true and correct copy of the foregoing a true and correct copy of the foregoing was served via e-mail to the attached service list on June 23, 2023.

**Dyson Law, PLLC**
Attorneys for Plaintiff
15300 Jog Road, Suite 103
Delray Beach, FL 33446
(561) 498-9979; Fax (561) 498-9987

By: s/ *Peter A. Dyson, Esq.*
Peter A. Dyson, Esq.
Fla. Bar No: 40953
eservice@dysonlaw.com

## **Service List**

Peter A. Dyson, Esq.
eservice@dysonlaw.com
Dyson Law, PLLC
15300 Jog Road, Suite 103
Delray Beach, FL 33446
561-498-9979 (P)
561-498-9987 (F)
Attorneys for CHIDI O. AHANOTU

Shawn Y. Libman
Fla. Bar No. 10544
CLARKE SILVERGLATE, P.A.
5301 Blue Lagoon Drive, Suite 900
Miami, Florida 33126
Phone: 305/377-0700
Fax: 305/377-3001
slibman@cspalaw.com
jsantana@cspalaw.com

Edward J. Meehan (*pro hac vice*)
Email: emeehan@groom.com
Shaun A. Gates (*pro hac vice*)
Email: sgates@groom.com
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW,
Ste. 1200
Washington, D.C. 20006
(202) 857-0620 – Telephone
(202) 659-4503 – Facsimile