UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80745-CV-MIDDLEBROOKS/Matthewman

CHIDI O. AHANOTU,

    Plaintiff.

v.

THE NFL PLAYER DISABILITY &
SURVIVOR BENEFIT PLAN F/K/A NFL
PLAYER DISABILITY &
NEUROCOGNITIVE BENEFIT PLAN and
THE BERT BELL/PETE ROZELLE NFL
PLAYER RETIREMENT PLAN,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon the Defendants, The NFL Player Disability & Survivor Benefit Plan f/k/a NFL Player Disability & Neurocognitive Benefit Plan's ("Disability Plan") and The Bert Bell/Pete Rozelle NFL Player Retirement Plan's ("Retirement Plan"), Motion to Dismiss Amended Complaint ("Defendants' Motion") [DE 29] filed on July 21, 2023. Plaintiff Chidi O. Ahanotu filed a Response on August 14, 2023 [DE 32] and the Defendants filed a Reply on August 21, 2023 [DE 33]. I have reviewed the record, the Parties' briefing, and applicable law. For the reasons that follow, Defendants' Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff is a retired NFL player and participant and beneficiary in the NFL's employee welfare plan that included disability insurance benefits. [DE 20 ¶ 7–9]. These plans are the Defendants; multiemployer Employee Retirement Income Security Act ("ERISA") plans created for National Football League Players who incur qualifying injuries while playing professional

football. [DE 20 ¶ 5–6]. Plaintiff applied for disability benefits in 2006 (the "2006 Application") to the Retirement Plan, the organization which made decisions on Plaintiff's eligibility for benefits at the time. [DE 20 ¶ 18]. The Retirement Plan organized disability payments into varying classes, based upon severity of the applicant's disability; the more severe the disability, the higher the benefits paid. [DE 20 ¶ 10]. Relevant to this case are the Line of Duty ("LOD") and Total & Permanent ("T&P") classes of disability, of which the latter is the more severe class of disability and accordingly pays higher benefits. [DE 20 ¶ 10-12].

Plaintiff alleges that in the 2006 Application he applied for both LOD and T&P benefits. [DE 20 ¶ 25]. Plaintiff further alleges that, without his consent, an unknown person at the Retirement Plan's office crossed-out his application for both benefits and selected only LOD benefits. [DE 20 ¶ 26]. The Retirement Plan awarded Plaintiff LOD benefits and paid them out until 2016, when Plaintiff began to receive T&P benefits. [DE 20 ¶ 33]. Plaintiff alleges that he was unaware of the alleged handwritten changes made to his 2006 Application until June 8, 2021. [DE 20 ¶ 41].

The above facts form the basis for Plaintiff's two claims brought against the Retirement Plan and an identical two claims brought against the Disability Plan, the entity currently responsible for paying Plaintiff disability payments that he has qualified for. [DE 20 ¶ 7–9]. Count I of the Amended Complaint is brought under U.S.C. § 1332(a)(1)(b). Plaintiff alleges in Count I that the Retirement Plan wrongfully denied him T&P payments that he should have received in the period between 2006 and 2016 when he received only LOD payments. [DE 20 ¶ 78]. In Count II of the Amended Complaint, Plaintiff alleges that the Retirement Plan breached its fiduciary duty to Plaintiff under 29 U.S.C. 1123(a)(3) when it denied Plaintiff T&P benefits. [DE 20 ¶ 84]. Plaintiff brings the same claims as Count III and IV, respectively, against the Disability Plan. [DE

20 ¶ 85–96]. Defendants challenge all counts of the Amended Complaint in their Motion to Dismiss.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, courts are bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, "a complaint must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all of the plaintiff's factual allegations. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level[.]" *Id.* (citation omitted).

## III. DISCUSSION

Defendants raise multiple arguments in support of dismissal. However, I need not address all of them. I find that the issues set forth below are dispositive, and therefore my analysis is confined to those grounds only.

Defendants first argue that Counts III and IV should be dismissed because the Disability Plan "had nothing to do" with the decision-making regarding Plaintiff's 2006 Application and therefore could not have improperly denied T&P benefits or committed any act of alleged fraud.

[DE 29 at 8]. Defendants also argue that despite Plaintiff's allegation that the Disability Plan is a "successor" to the Retirement Plan, the Disability Plan is a legally distinct entity that has not assumed responsibility for the Retirement Plan's decisions. *Id.* at 9. Plaintiff responds by arguing that the Disability Plan may still qualify as a plan administrator and therefore be an appropriate defendant. [DE 32 at 17].

Plaintiff is correct that the identity of the plan administrator, and therefore the appropriate defendant in this case, "can also come from the factual circumstances surrounding the administration of the plan." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001). But Plaintiff only pled that the Disability Plan "*currently* make[s] decisions on eligibility for disability benefits" and "is the successor" of the Retirement Plan. [DE 20 ¶ 19–20 (emphasis added)]. Even taken in the light most favorable to Plaintiff, these allegations do not establish that the Disability Plan was involved in any way *with the 2006* Application or otherwise responsible for the Retirement Plan's decisions. Additionally, "[u]nder ERISA, the law recognizes the separate existence of employee benefit plans." *Antoniou v. Thiokol Corp. Group Long Term Disability Plan (Plan No. 503)*, 849 F. 1531, 1534 (11th Cir. 1994). The Disability Plan and Retirement Plans are separate legal entities and Plaintiff did not sufficiently plead any facts that show otherwise. Accordingly, I will dismiss Counts III and IV of the Amended Complaint.

I also note that Plaintiff, in his Response, sought leave to amend his Amended Complaint. [DE 29 at 18]. I have reviewed the attachments to Defendants' Motion to Dismiss, and although I decline to consider them in adjudicating this motion because they are outside the four corners of the complaint,[1] the documents would appear to show that the Disability Plan did not exist in 2006.

---

[1] I write separately to note that Defendants appear to be asking the Court to convert their Motion to Dismiss into a Motion for Summary Judgment and to consider extrinsic evidence that they attached to their Motion. [DE 29 at 2 n.1]. A throwaway remark in a footnote is not the appropriate procedure to make such a request. Neither does it appear proper to incorporate the extrinsic

4

Therefore, I question whether a Second Amended Complaint could remedy the issues discussed above. Moreover, I note that Plaintiff has not filed a proper motion for leave to amend as required by the Federal Rules of Civil Procedure and the Local Rules of this court. *See* Fed. R. Civ. Pro. 15 (if plaintiff is not entitled to amend as of course, he "may amend [his] pleading only with the opposing party's written consent or with the court's leave."); Fed. R. Civ. P. 7 ("A request for a court order must be made by motion" which must "state with particularity the grounds for seeking the order[.]);S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion[.]). Instead, Plaintiff embeds his request within his response to the Motion to Dismiss. Nevertheless, in the interest of efficiency, and because on this record I cannot definitively discern that amendment would be futile, I will grant leave to amend.

Next, Defendant argues that Counts I and III of the Amended Complaint are barred by Plaintiff's failure to exhaust administrative remedies. [DE 29 at 11]. According to the articles of the Retirement Plan attached to his Amended Complaint, in order to exhaust his administrative remedies Plaintiff would need to have "file[d] a written request for review of the initial decision of the [Retirement Plan]" within 180 days of receiving an "adverse benefit determination." [DE 20-2 at 40]. Eleventh Circuit law is "well settled that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (cleaned up). Despite the requirement that Plaintiff exhaust his administrative remedies, a district court has discretion 'to excuse the exhaustion

---

documents by reference without converting the Motion to Dismiss into a Motion for Summary Judgment. Under the Incorporation by Reference doctrine, to go outside the "four corners" of the Complaint in deciding the Motion to Dismiss, the extrinsic evidence would have to be central to Plaintiff's claims and undisputed. Plaintiff did not attach, refer to, or otherwise incorporate the documents into his Amended Complaint, and Defendants to not address or explain why I should consider them.

requirement when resort to administrative remedies would be futile or the remedy inadequate." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006).

Plaintiff alleges in the alternative *both* that he "complied with all prior requirements and conditions precedent necessary for filing this lawsuit" [DE 20 ¶ 70] *and* that "it would have been futile to appeal this" [DE 20 at 71). But these allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Plaintiff cannot simply claim that he "complied" with necessary pre-suit requirements without describing how he did so.

Moreover, although pleading in the alternative may be permissible theoretically, here Plaintiff simply pleads that administrative appeal would have been futile without further argument or explanation as to why. "Such bare allegations of futility are no substitute for the clear and positive showing of futility . . . required before suspending the exhaustion requirement." *See Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897 (11th Cir. 1990) (holding that plaintiff failed to exhaust administrative remedies where plaintiff did not provide any evidence of doing so despite alleging otherwise) (cleaned up). *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (holding that a district court does not abuse its discretion for failing to apply the futility exception where plaintiff did not pursue administrative remedies available to him, reasoning that plaintiff's claim of futility was "speculative" because he did not even attempt to seek administrative remedy or plead facts establishing futility). Thus, Plaintiff's conclusory pleading that "it would have been futile to appeal this" [DE 20 at ¶ 71] cannot, without anything more, establish futility. Accordingly, I will dismiss Count I of the Amended Complaint. This same analysis provides an additional and alternative ground for dismissal of Count III of the Amended Complaint.

Finally, Defendants argue that Plaintiff's breach of fiduciary duty claims (Counts II and IV) brought under 29 U.S.C. § 1332(a)(3) are duplicative of his claim for benefits brought under

U.S.C. § 1332(a)(1)(b) and should therefore be dismissed. "The purpose of [U.S.C. § 1332(a)(3)] was to 'act as a safety net, offering appropriate equitable relief U.S.C. § 1332(a)(3) for injuries caused by violations [of ERISA] *that [§ 1332(a)(1)(b)] does not elsewhere adequately remedy.*" *Jones v. American General Life and Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)) (emphasis in original). Here, § 1332(a)(1)(b) does adequately remedy Plaintiff's alleged injuries, as demonstrated by the relief sought in Counts I and II of the Amended Complaint; they seek identical relief. [DE ¶ 80, 83]. However, Plaintiff's claim under U.S.C. § 1332(a)(1)(b) fails for the reasons described above. And § 1332(a)(3) is not a backdoor to cure a Plaintiff's procedural failure. Thus, because § 1332(a)(1)(b) enables Plaintiff to recover benefits allegedly due under the Plan, that statute provides an adequate remedy for the essential allegations of Count II. Accordingly, Count II is properly dismissed as duplicative.

### IV.  CONCLUSION

For the reasons explained above, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendants' Motion to Dismiss [DE 29] is **GRANTED**.

2) Plaintiff's Amended Complaint [DE 20] is **DISMISSED** without prejudice**.**

3) Although I am not convinced that these defects can be cured, I will grant Plaintiff one final opportunity to amend his complaint. If Plaintiff chooses to file a Second Amended Complaint he must do so no later than **October 20, 2023.** If no timely amended complaint is filed, this case will be closed.

**SIGNED** in West Palm Beach, Florida, on October 10, 2023.

Donald M. Middlebrooks
United States District Judge